UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ABOVE THE CEILING, LLC,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>WESTERN ARCHITECTURAL SERVICES, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 2:15-cv-01766-JAD-GWF<br><br>**REPORT AND RECOMMENDATION** |

## BACKGROUND

This Report and Recommendation addresses the failure of Defendant Western Architectural Services, LLC ("Western Architectural"), a corporate entity, to obtain successor counsel. On November 1, 2018, the Court granted Western Architectural's counsel of record's motion to withdraw and the Court ordered Western Architectural to retain new counsel no later than November 30, 2018. ECF No. 71. On January 30, 2019, the Court ordered Western Architectural to show cause, in writing, on or before February 8, 2019 why sanctions should not be imposed for failure to comply with the Court's order to retain new counsel. ECF No. 73. Defendant was advised that if it intended to continue to litigate this matter, it was required to obtain legal counsel. Defendant failed to respond to this Court's Order to Show Cause. To date, Defendant has not complied and counsel has not appeared on behalf of Defendant.

## DISCUSSION

A corporation is not permitted to appear in federal court unless it is represented by counsel. *U.S. v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993). Although a non-attorney may appear on his own behalf to represent himself, that privilege is personal to him. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). An individual has no authority to appear as an attorney for anyone other than himself. *Id.*

1

Rule 41(b) of the Federal Rules of Civil Procedure allows for the dismissal of an action based on a party's failure to obey an order of the Court. Further, the Supreme Court has held that district courts have the power to dismiss actions *sua sponte* based on a plaintiff's failure to comply with a court order. *See Link v. Wabash R. Co.* 370 U.S. 626, 630-31 (1962); *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Ferdik*, 963 F.2d at 1260-61; *see also Thompson v. Housing Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986); *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

The Ninth Circuit has held that the public's interest in expeditious resolution of litigation always favors dismissal. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Defendant has failed to obtain new counsel pursuant to the Court's explicit deadline and has also failed to request an extension or explain its failure to the Court. The Court's resources are best allocated to cases with active parties seeking to resolve their claims according to the rules of the Court. Therefore, the first and second factors weigh in favor of dismissal. Unreasonable delay will result in a presumption of prejudice. *Anderson v. Air West., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). A party may rebut the presumption of prejudice by offering a non frivolous explanation for the delay. *Nealey v. Transportation Maritime Mexicana, S.A.*, 662 F.2d 1275, 1281 (9th Cir. 1980). Considering Defendant's failure to obtain successor counsel without offering an explanation, the Court finds that the delay in this matter is not reasonable, and, therefore, the third factor weighs in favor of dismissal. Public policy favors resolution of cases on their merits whenever possible and, as such, the fourth factor weighs against dismissal. Defendant has been advised that corporations are not permitted to appear in federal court unless they are represented by counsel. The Court allowed Defendant time to retain counsel, ordered Defendant to show cause why sanctions should not be imposed, and warned that failing to timely respond to the order to show cause would result in the imposition of sanctions.

1 Because the Court has exercised less drastic alternatives without success, the fifth factor weighs
2 in favor of dismissal.  Accordingly,

3    **IT IS HEREBY RECOMMENDED** that default be entered against Defendant Western
4 Architectural Services, LLC.

5    Dated this 12th day of February, 2019.

```
                                        GEORGE FOLEY, JR.
                                        UNITED STATES MAGISTRATE JUDGE
```

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).