UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ABOVE THE CEILING, LLC,<br><br>                              Plaintiff,<br>v.<br><br>WESTERN ARCHITECTURAL SERVICES, *et al.*,<br>                              Defendants. | Case No. 2:15-cv-01766-JAD-GWF<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the Court on Plaintiff's Renewed Motion to Enforce Settlement Agreement and Reduce to Judgment (ECF No. 74), filed on February 11, 2019. To date, no party has filed an opposition to this motion and the time for response has now expired.

## **BACKGROUND**

This matter arises from allegations of breach of contract and unjust enrichment against Defendant Western Architectural Services ("Western"). Defendant Western hired Plaintiff Above the Ceiling, LLC ("ATC") as a subcontractor to perform framing and drywall work on the LDS Tijuana Temple Project. Defendant failed to pay ATC in full for such work. *See Complaint* (ECF No. 1). The parties discussed settlement over email and agreed to settle for $275,000 to paid over twelve months beginning in August 2017. On April 24, 2018, Plaintiff filed a motion to enforce settlement agreement. ECF No. 65. The Court conducted a hearing, granted Plaintiff's motion, and concluded that the parties reached an enforceable settlement agreement. *See Minutes* (ECF No. 68). The Court, however, declined to reduce the settlement agreement to judgment because the terms of the agreement allowed Defendant Western twelve months to pay and the deadline did not expire until August 8, 2018. *See Order* (ECF No. 72). On August 27, 2018, Plaintiff filed a motion to enforce settlement agreement and reduce to judgment. ECF No. 69. The Court denied Plaintiff's motion without prejudice because Plaintiff

offered no evidence that Defendant Western failed to tender the settlement amount. *Id.* The Court's order denying Plaintiff's motion without prejudice was mailed to Defendant Western and returned as undeliverable on March 1, 2019. *See* ECF No. 78.

On November 1, 2018, the Court granted Defendant Western's counsel of record's motion to withdraw and the Court ordered Defendant to retain new counsel no later than November 30, 2018. ECF No. 71. On January 30, 2019, the Court ordered Defendant to show cause, in writing, on or before February 8, 2019 why sanctions should not be imposed for failure to comply with the Court's order to retain new counsel. On February 12, 2019, the undersigned magistrate judge entered a report and recommendation that default be entered against Defendant Western for failing to obtain successor counsel. *See Report and Recommendation* (ECF No. 76). The undersigned's report and recommendation was mailed to Defendant Western and returned as undeliverable on February 25, 2019. *See* ECF No. 77.

Plaintiff requests enforcement of the settlement agreement and an order reducing the total settlement amount of $275,000 to judgment. Plaintiff attaches email negotiations regarding the settlement agreement between Tracy Jones, CEO of Defendant Western, and Dan Campbell, the owner and person most knowledgeable for Plaintiff ATC. ECF No. 74, Exhibit 1. Plaintiff further attaches a declaration of Mr. Campbell in which he states that he has not received any payments from Defendant Western despite multiple attempts to contact them to request payment. ECF No. 74, Exhibit 2.

**DISCUSSION**

"[I]t is now well established that the trial court has power to summarily enforce on motion a settlement agreement entered into by the litigants while the litigation is pending before it." *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1994) (quoting *Autera v. Robinson,* 419 F.2d 1197, 1200 (D.C.Cir.1969)). Summary enforcement is inappropriate where material facts concerning the existence or terms of a settlement agreement are in dispute. *Id.* at 985. The Court has already found that the parties reached an enforceable settlement agreement. ECF Nos. 68, 72. Further, Plaintiff has offered a declaration of its owner that he has not received any payments from Defendant Western to show Defendant's breach and the amount of settlement payment that

remains unpaid. *See Motion* (ECF No. 74), Exhibit 2. Therefore, it appears that the full amount of $275,000.00 remains unpaid.

Settlement agreements are generally favored and are enforceable so long as they are entered into in good faith. *Siltronic Corp. v. Employers Ins. Co. of Wausau*, 176 F. Supp. 3d 1033, 1040 (D. Or. 2016) (citing *G.F. Hodges Agency v. Rees*, 202 Or. 139, 157, 272 P.2d 216, 224 (1954)). In addition, the public interest favors judicial policies that promote the completion of litigation. *Kalinauskas v. Wong*, 151 F.R.D. 363, 365 (D. Nev. 1993). Although discussed in the context of the confidentiality of settlement agreements, the Court in *Kalinauskas v. Wong* stated that "public interest seeks to protect the finality of prior suits [and the secrecy of settlement] when desired by the settling parties. *Id.* Sound judicial policy fosters and protects this form of alternative dispute resolution. *Id.*

The Court found that the parties reached an enforceable settlement agreement prior to the Court instructing Defendant Western to retain new counsel. The undersigned issued a report and recommendation that default be entered against Defendant Western after it failed to retain new counsel. It appears, however, that the parties intended to reach a resolution of litigation via settlement. Plaintiff has not withdrawn its renewed motion to enforce settlement. Plaintiff has not expressed an interest with the Court that default be entered against Defendant Western at this time. Further, enforcement of the settlement agreement would promote the completion of litigation in that it more closely reflects the desire of the parties. The undersigned, therefore, recommends that Plaintiff's motion to enforce settlement be granted and that judgment for the total amount of $275,000 now due be entered.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Plaintiff's Renewed Motion to Enforce Settlement Agreement and Reduce to Judgment (ECF No. 74) be **granted** and that judgment for the total amount of $275,000 now due be entered.

**IT IS FURTHER RECOMMENDED** that the undersigned's Report and Recommendation (ECF No. 76) that default be entered against Defendant Western be **withdrawn**

. . .

because entering a judgment enforcing the settlement agreement renders the default moot.

**NOTICE**

This Report of Findings and Recommendation is submitted to the assigned district judge pursuant to 28 U.S.C. § 636(b)(1) and is not immediately appealable to the Court of Appeals for the Ninth Circuit. Any notice of appeal to the Ninth Circuit should not be filed until entry of the district court's judgment. *See* Fed. R. App. Pro. 4(a)(1). Pursuant to LR IB 3-2(a) of the Local Rules of Practice, any party wishing to object to a magistrate judge's findings and recommendations of shall file and serve *specific written objections*, together with points and authorities in support of those objections, within 14 days of the date of service. *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. Pro. 6, 72. The document should be captioned "Objections to Magistrate Judge's Report of Findings and Recommendation," and it is subject to the page limitations found in LR 7-3(b). The parties are advised that failure to file objections within the specified time may result in the district court's acceptance of this Report of Findings and Recommendation without further review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). In addition, failure to file timely objections to any factual determinations by a magistrate judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation. *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991); Fed. R. Civ. Pro. 72.

Dated this 27th day of June, 2019.

_____
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE

4